UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>               Plaintiff,<br>    v.<br><br>THE RIAN GROUP INC et al.,<br><br>               Defendants. | CASE NO. 3:23-cv-05452-DGE<br><br>ORDER DENYING MOTION TO ALLOW ADVISORY COUNSEL |

Presently before the Court is a motion by pro se litigant Nathen Barton to allow attorney Peter Schneider to act as "advisory counsel" in his case.[1] (Dkt. No. 22.) Barton requests to proceed pro se while also allowing Schneider to participate in court proceedings. (*Id*.) Specifically, Barton asks the Court to permit Schneider to sit with him "during any court proceedings" and "make legal arguments, question witnesses, or make objections on Barton's

---

[1] Barton has filed identical motions in two other cases presently before the Court. *See Barton v. Delfgauw et al*, 3:21-cv-05610-DGE (Dkt. No. 283.); *Barton v. Walmart Inc et al*, 3:23-cv-05063-DGE (Dkt. No. 24.)

ORDER DENYING MOTION TO ALLOW ADVISORY COUNSEL - 1

behalf as needed." (*Id*.) Barton relies on Washington Rule of Professional Conduct 1.2(c) to support his request.

Rule 1.2(c) states, "A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent." "Although this Rule affords the lawyer and client substantial latitude to limit the representation, the limitation must be *reasonable under the circumstances*. Comment 7, Wash. R. Prof. C. 1.2(c).

The Court finds Barton's request is not reasonable under the circumstances because it fails to limit either the scope or subject matter of Schneider's representation. Barton's broad request leaves the subject matter of the representation open-ended. Barton is not simply asking for "general information" about the law or requesting assistance for a "common and typically uncomplicated legal problem." *See* Comment 7, Wash. R. Prof. C. 1.2(c). Barton's request requires legal skill and knowledge beyond what would typically be expected in a limited representation agreement.

Barton's request, rather than being limited and specific, seeks to have Schneider perform many of the tasks an attorney would typically take on during a trial. The broad nature of his request—encapsulated in terms like "any" or "as needed"— implies Barton may seek to expand the scope of Schneider's responsibilities. [2] Barton's request to proceed pro se while simultaneously being represented by counsel distorts the intended concept of limited representation and renders his request unreasonable.

In addition, Local Civil Rule 83.2(b)(5) provides that a party can *either* represent themselves *or* be represented by counsel, but not both: "When a party is represented by an

---

[2] It also is unclear the extent to which the lawyer might be subject to a legal malpractice claim in the event Barton is not satisfied with the lawyer's "limited" representation.

ORDER DENYING MOTION TO ALLOW ADVISORY COUNSEL - 2

attorney of record in a case, the party cannot appear or act on his or her own behalf in that case." Moreover, if the party seeks to proceed pro se, the rule requires an order of substitution to be granted by the court, which would *terminate* the party's attorney as counsel and *substitute* the party to proceed pro se.  (*Id.*)

Case law has also established that a party is not entitled to "hybrid" representation.  See *Brasier v. Jeary*, 256 F.2d 474, 477 (8th Cir. 1958) (holding there was no constitutional or other right for a litigant to conduct his own case pro se and have the aid of counsel to speak and argue for him at the same time); *see also Iannaccone v. L.*, 142 F.3d 553, 558 (2d Cir. 1998) (same). There are also ethical and procedural concerns with permitting the type of hybrid representation envisioned by Plaintiff.  *See, e.g., Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (questioning whether the attorney's or the party's opinion would control in a hybrid representation when there was disagreement on a tactical matter).

Accordingly, the Court, DENIES Plaintiff's motion to allow for advisory counsel.  (Dkt. No. 22.)

Dated this 14th day of July, 2023.

David G. Estudillo
United States District Judge