UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>      Plaintiff,<br><br> v.<br><br>THE RIAN GROUP INC et al.,<br><br>      Defendants. | CASE NO. 3:23-cv-05452-DGE<br><br>ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD |

  Presently before the Court is a motion by Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. ("Mintz"), Goldfarb & Huck Roth Riojas, PLLC ("Goldfarb"), and counsel at each firm to withdraw as counsel of record for Defendants The Rian Group, Inc. (an Oregon company), The Rian Group, Inc. (a Texas company), and Aaron Rian. (Dkt. No. 30.) Counsel contends that Defendants have not paid them for services rendered. (*Id*.) Goldfarb also requests to withdraw because it was engaged as local counsel and does not have a substantive relationship with Defendants. (*Id*.)

ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD - 1

A. **Motion to Withdraw**

Local Civil Rule 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g). A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party. If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

Here, Mintz and Goldfarb have filed a motion to withdraw pursuant to LCR 83.2(b)(1). (Dkt. No. 30.) Mintz and Goldfarb have certified that the motion was served on the clients and Mr. Barton, who is proceeding pro se. (Dkt. No. 31.) In this case, because the motion seeks withdrawal of all Defendants' attorneys, granting the motion would leave Defendants unrepresented.

When withdrawal of representation would leave a business entity unrepresented, LCR 83.2(b)(4) provides:

> A business entity, except a sole proprietorship, must be represented by counsel. If the attorney for a business entity, except a sole proprietorship, is seeking to withdraw, the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date of withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Mintz and Goldfarb have certified to the Court that they have advised both Rian Group entities of the requirement that they be represented by counsel, and of the potential consequences if they fail to obtain new representation. (Dkt. No. 31.) Counsel have included Defendants' addresses and telephone numbers in the motion to withdraw. (Dkt. No. 30 at 4.)

The Washington Rules of Professional Conduct provide that a lawyer may withdraw from representation when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Wash. R. Prof. C. 1.16(5). An attorney may also withdraw where continuing the representation "will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." *Id*. at 1.16(6).

Counsel claim they contacted their clients on July 11, 2023 to inform them that both firms would withdraw from representation if Defendants did not pay the outstanding balance. (Dkt. No. 31.) Counsel claim Defendants never replied. (Dkt. No. 35.) Counsel claims that in addition to sending regular invoices, they contacted Defendants on three occasions prior to July 11th in unsuccessful attempts to resolve the outstanding balance. (Dkt. No. 31.)

When evaluating a motion to withdraw, courts may consider a variety of factors, including: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Bilbeisi v. Safeway*, Case No. C22-0876-JCC, 2023 WL 1778835 at *1 (W.D. Wash. Feb. 6, 2023).

The Court finds that counsel have satisfied the requirements for withdrawal set forth in the local rules. The Court further finds withdrawal is appropriate under the Rules of Professional Conduct due to Defendants' failure to communicate with counsel or pay their outstanding bills.

*See e.g. Launch Pad Techs., Inc. v. ADT Commercial LLC*, Case No. C21-5382-LK, 2022 WL 1719161 at *4 (W.D. Wash. May 27, 2022).

This case was filed recently, in May 2023, and the Court has not yet set discovery deadlines or a trial date. The Court finds any prejudice or delay resulting from granting this motion will be minimal.

Accordingly, the Court, having considered the Motion to Withdraw as Counsel and the declaration filed in support of the motion, hereby GRANTS leave for the requested withdrawal. Mintz and Goldfarb and its attorneys are hereby relieved as counsel for Defendants.

It is further ORDERED that Defendants The Rian Group, Inc. (an Oregon company) and The Rian Group, Inc. (a Texas company) shall obtain and have new counsel appear no later than September 29, 2023 or risk the entry of a default upon motion by Plaintiff. *See* LCR 83.2(b)(4). Defendant Aaron Rian shall also inform the Court, no later than September 29, 2023, whether he has obtained new counsel or intends to proceed pro se.

**B.      Motion to Re-note Defendant's Motion to Dismiss**

The Court DENIES Defendants' motion to re-note Defendants' motion to dismiss. (Dkt. No. 28.) Defendants' attorneys cannot make motions on behalf of a client they are no longer representing, nor can they provide additional briefing concerning pending motions if requested by the Court once they have been relieved by the Court. Accordingly, Defendants' motion to dismiss (Dkt. No. 20) is STRICKEN. A new attorney on behalf of the business entity defendants will be required to file a motion on their behalf. As to the individual defendant, Aaron Rian, should he choose to proceed pro se, he will need to refile and re-note a motion on his behalf only as he is unable to file any pleadings on behalf of the entity defendants.

ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD - 4

C.   **Remaining Motions**

Defendants have filed a motion to extend several deadlines by 30 days. (Dkt. No. 36.) After Defendants' attorneys did not participate in the Rule 26 conference by the deadline, August 28, 2023, Plaintiff filed a motion to compel Defendants to participate in a Rule 26(f) conference within 10 days after the motion is decided. (Dkt. No. 38.) These motions are DENIED and all deadlines in this case is STAYED until September 29, 2023.

If the defendants have not obtained new counsel by September 29, 2023, Plaintiff may move for default against the entity defendants pursuant to Local Court Rule 83.2(b)(4) and a new order regarding initial disclosures will issue.

Dated this 30th day of August, 2023.

David G. Estudillo
United States District Judge