UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>THE RIAN GROUP INC et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:23-cv-05452-DGE<br><br>ORDER GRANTING LEAVE TO AMEND |

Presently before the Court is Plaintiff's motion for leave to amend his complaint. (Dkt. No. 40.) For the reasons discussed herein, the Court GRANTS Plaintiff's motion.

### I.　　DISCUSSION

**A. Legal Standard**

A party may freely amend their complaint once as a matter of course if they do so within 21 days after service of the complaint or 21 days after service of either an answer or certain motions pursuant to Federal Rule of Civil Rule of Procedure 12.  Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend their complaint with consent from the opposing party or with

ORDER GRANTING LEAVE TO AMEND - 1

leave of court. Fed. R. Civ. P. 15(a)(2). Leave to amend "should [be] freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).

"[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

### B. Good Cause

Plaintiff seeks to amend his complaint to include additional facts concerning two defendants allegedly working as "agents" of a separate entity, EXP Realty, and to amend his complaint to include EXP Realty as a defendant. (Dkt. No. 40-2.) Plaintiff contends that "EXP Realty" is brand name utilized by defendants Aaron Rian and The Rian Group. (Dkt. No. 40-1 at 3.)

As an initial matter, because the deadline for amending pleadings has passed, the Court must first determine whether Plaintiff has established "good cause" to amend the Court's scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4) before determining whether leave to amend is proper. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

The Court first notes Defendants have not opposed Plaintiff's motion, largely because counsel for Defendants withdrew on August 30, 2023. (Dkt. No. 39.) Defendants have not secured new counsel, despite the Court's warning that failure to do so might result in a finding of default. (*Id.*) There is no evidence Plaintiff's motion is sought in bad faith.

Plaintiff's motion will also not cause an undue delay to these proceedings. Plaintiff has already amended his complaint once in this Court, and previously amended his complaint in the Clark County Superior Court. (Dkt. Nos. 1-3; 21.) Plaintiff's motion is somewhat unclear

concerning when he learned the facts related to EXP Realty's alleged involvement in this matter. "[I]n evaluating undue delay, we [] inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp.*, 465 F.3d at 953 (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir.1990)).  Nevertheless, there is no evidence that Plaintiff's proposed amendment would cause an undue delay in this litigation.

Finally, the Court finds Plaintiff's proposed amendment is not futile.  Plaintiff seeks to add a new defendant, EXP Realty, who allegedly worked on behalf of the other defendants, and new facts related to EXP's conduct that may have bearing on this litigation.

## II.   ORDER

Accordingly, and having considered Plaintiffs' motion (Dkt. No. 40) the Court finds and ORDERS that Plaintiff's motion for leave to amend his complaint is GRANTED.

Dated this 24th day of October, 2023.

David G. Estudillo
United States District Judge

ORDER GRANTING LEAVE TO AMEND - 3